# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-70 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| LATRENTON WASHINGTON | MAGISTRATE JUDGE MARK HORNSBY |

## ORDER

Before the Court is a motion from Defendant Latrenton Washington ("Washington"), requesting that this Court grant him credit for time served in custody to which he believes he is entitled. [Record Document 52]. Washington represents that his attorney "requested in open court that, Petitioner receive jail credit for his presentence detention and was advised that such credit would be awarded to Petitioner." Id. at p.2. The issue apparently arises from the fact that Washington was serving a ten-year state sentence at the time of his federal conviction. The Court infers from Washington's motion that he has either been denied credit for time-served, or he has been credited with a lesser amount of time than he believes is proper.

The Court's intent in making its remarks at sentencing was to ensure that the Defendant received credit for the time he spent in federal custody while he was proceeding through the arraignment, guilty plea, and sentencing phases of the federal system. It was the Court's desire that the Defendant receive credit against his federal sentence for this time served.

The Court lacks authority to order the Bureau of Prisons to calculate the Defendant's sentence in any certain manner. See United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992) ("the United States Supreme Court [has] held that § 3585(b) does not authorize a . . . court to compute credit for time spent in official detention at sentencing, but [rather,] credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing."). Thus, if the Defendant believes he is being improperly refused credit for time he has served in federal custody, he must first pursue administrative review of his computations. See United States v. Setser, 607 F.3d 128, 133 (5th Cir. 2010). Only after he has exhausted these administrative remedies may he then pursue judicial review. See id.

Accordingly, Washington's motion be and is hereby **DENIED**.

**THUS DONE AND SIGNED** this 30th day of March, 2018.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE